IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOEL LOWY,<br>    **Plaintiff** | )<br>)<br>) | |
| -vs- | )<br>) | 12 CV 1857 (FB) (CLP) |
| AMERICAN NATIONAL INSURANCE<br>COMPANY,<br>    **Defendant.** | )<br>)<br>) | **ANSWER** |

Defendant American National Insurance Company, by its attorney Andrew J. Frisch, submits this Answer to Plaintiff Joel Lowy's Complaint.

1. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegation in paragraph 2 of the Complaint.

3. Defendant admits the allegation in paragraph 3 of the Complaint.

4. Defendant admits the allegation in paragraph 4 of the Complaint that Plaintiff was the owner of the policy at issue, but denies that he is currently the owner of the policy at issue because the policy has lapsed.

5. Defendant admits the allegation in paragraph 5 of the Complaint that the insurance policy death benefit was $4.5 million, but denies that the policy is currently in force.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. The allegation in paragraph 7 of the Complaint purports to state a legal conclusion to which no responsive pleading is required. To the extent a

responsive pleading is required, Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegation in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint purport to state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations of paragraph 9 of the Complaint.

10. The allegations of paragraph 10 in the Complaint purport to state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegation in paragraph 11 of the Complaint stating no claim has been made under the life insurance policy, but Defendant lacks information and knowledge sufficient to form a belief as to the allegation that Joel Lowy is alive.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
[Breach of Contract]

1. Any injury or damages suffered by Plaintiff was caused by breach of contract by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
[Failure to Satisfy Conditions Precedent]

2. Plaintiff has not satisfied conditions precedent to seeking relief against Defendant.

## THIRD AFFIRMATIVE DEFENSE
[Failure of Consideration]

3. The claims for relief stated in the Complaint are barred as a result of the failure by Plaintiff to pay required consideration for the rights he claims in this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE
[Laches]

4. The claims for relief stated in the Complaint are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
[Liability of Other Parties]

5. The claims for relief stated in the Complaint are barred because the occurrences in question, as well as the conduct complained of in the Complaint, were proximately caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of Plaintiff, and/or other third parties not subject to Defendant's control.

## SIXTH AFFIRMATIVE DEFENSE
[Mitigation]

6. The claims for relief stated in the Complaint are barred, in whole or in part, because Plaintiff failed to mitigate harm to Plaintiff allegedly caused by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
[Waiver and Estoppel]

7. Plaintiff is barred by the doctrine of waiver, and/or the doctrine of estoppel, from complaining of the conduct alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
[Rescission]

8. Defendant has a right to rescind the contract at issue based on failure of consideration and Plaintiff's breach that substantially defeats the purpose of the contract.

## NINTH AFFIRMATIVE DEFENSE
[Ratification]

9. Plaintiff's conduct constitutes ratification of the contract at issue, including all the provisions of the contract.

## TENTH AFFIRMATIVE DEFENSE
[Mutual Mistake]

10. The claims for relief stated in the Complaint are barred to the extent the parties made a mutual mistake as to the meaning of terms of their alleged agreement.

## ELEVENTH AFFIRMATIVE DEFENSE
[Suit Not Appropriate for Declaratory Relief]

11. Plaintiff's request for declaratory judgment relief should be denied. The issue raised by Plaintiff is contemplated in, and provided for by, the contract at issue.

Respectfully submitted,

*/s/ Andrew J. Frisch*
_____
**Andrew J. Frisch**
**The Law Offices of Andrew J. Frisch**
40 Fulton Street, 23rd Floor
New York, New York 10038
Telephone: (212) 285-8000
Facsimile: (646) 304-0352
afrisch@andrewfrisch.com
Counsel for Defendant American National Insurance Company

Of counsel:
**Joe A.C. Fulcher**
Texas State Bar No. 07509320
**Steve Windsor**
Texas State Bar No. 21760650
Greer, Herz & Adams, LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Telephone: (409) 797-3200
Fax: (409) 766-6424